ALD-114                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1054
_____

UNITED STATES OF AMERICA

v.

TYREE STRATTON,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-05-cr-00068-002)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2024

Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed May 15, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tyree Stratton appeals the District Court's order denying his motion filed pursuant to 28 U.S.C. § 2255. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Stratton's claims are well known to the parties, set forth in the District Court's order, and need not be discussed at length. In 2006, Stratton was sentenced to 260 months in prison after being found guilty by a jury of conspiracy to commit armed bank robbery, armed bank robbery, and using and carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). His convictions and sentence were affirmed on direct appeal. See United States v. Archer, 282 F. App'x 164, 169 (3d Cir. 2008). Stratton later filed a § 2255 motion challenging his firearm conviction. He argued that armed bank robbery was no longer a crime of violence. The District Court denied the § 2255 motion but issued a certificate of appealability on the issue of whether the Supreme Court's decision in Borden v. United States, 141 S. Ct. 1817 (2021), invalidates armed bank robbery as a crime of violence. Stratton filed a notice of appeal. The parties were informed that we would consider taking summary action on the appeal.

We have jurisdiction under 28 U.S.C. § 1291. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. We recently held that armed bank robbery is a crime of violence even after Borden. See United States v. Jordan, 96 F.4ᵗʰ 584, 594 (3d Cir. 2024). Thus, this appeal presents no substantial question, and summary affirmance is appropriate.

For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  <u>See</u> Third Circuit I.O.P. 10.6.  Stratton's motion to stay the ruling is denied as moot.